1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   USA,                                    Case No. 16-cr-00134-SI-1

8                   Plaintiff,

9           v.                              ORDER RE MOTION FOR
                                            COMPASSIONATE RELEASE
10  NEMEC,                                  Re: Dkt. No. 63

11                  Defendant.

12

13          Defendant Steven Nemec has filed a *pro se* motion for compassionate release, pursuant to 18

14  U.S.C. § 3582(c)(1)(a).  Dkt. No. 63 ("Mot").  The government opposes, and Mr. Nemec has filed a

15  reply brief.  Dkt. No. 65 ("Opp'n");  Dkt. No. 70 ("Reply").  For the reasons set forth below, the Court

16  GRANTS defendant's motion.

17

18                                        **BACKGROUND**

19          On September 1, 2017, Defendant Steven Nemec pled guilty to fifty-four counts of

20  structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3).[1]  Dkt. No. 41.  On April

21  27, 2018, the Court sentenced Mr. Nemec to 57 months followed by a three-year term of supervised

22  release.  Dkt. No. 60.  Mr. Nemec is currently serving his sentence at USP Lompoc, in Lompoc,

23  California, and has served 39 months, 69% of his sentence.[2]  Dkt. No. 65-7 at 2 (Gilbert Decl. Ex.

24  G, at 3).  He has earned approximately 9 months of "Good Time Credit" and 5 months of "Earned

25  Time Credit."  *Id.* at 4.  With these credits, Mr. Nemec calculates he has served 90% of his sentence,

26  ───────────────────
        [1] The transferred funds were proceeds of illegal activity.  Dkt. No. 41, ¶ 2.

27      [2] There are currently 13 inmates with active COVID-19 infections at USP Lompoc.  So far
28  161 inmates and 24 staff members have recovered from COVID-19, and two inmates have died.
    https://www.bop.gov/coronavirus/.

United States District Court
Northern District of California

advancing his release date to November 12, 2020.[3]  Dkt. No. 63 at 2, 12.  The government calculates his release date as April 19, 2021, factoring in his "Good Time Credit" but not his "Earned Time Credit." Dkt. No. 65-7 at 2 (Gilbert Decl. Ex. G, at 3).  Mr. Nemec is 48 years old.

Mr. Nemec submitted a request for compassionate release to the Federal Correctional Complex (FCC) Lompoc Acting Warden and the government agrees he has exhausted his administrative remedies.  Dkt. No. 63 at 5-6; Dkt. No. 65 at 8.

## LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[3]

## DISCUSSION

Defendant asserts three underlying health conditions, which make him particularly vulnerable to COVID-19, constitute "extraordinary and compelling" reasons for compassionate release. Dkt. No. 63 at 3.  The first and gravest of Mr. Nemec's conditions is his psoriatic arthritis and severe plaque psoriasis.  Pre-COVID-19, Mr. Nemec received adalimumab (brand name "Humira") injections every two weeks which provided effective relief for this condition.  At his doctor's recommendation, in March 2020 Mr. Nemec stopped or reduced the frequency of these injections, since Humira acts as an immunosuppressant and would make him particularly vulnerable

---

[3] Mr. Nemec calculates that by the time his Reply was filed, he earned an additional 11 days of Earned Time Credit, advancing his supervised release date to November 2, 2020.

United States District Court
Northern District of California

to COVID-19.[4]  Mr. Nemec reports the topical treatment prescribed in its place provides him little-to-no relief, and since stopping Humira, he has developed painful blood pustules and open sores covering 60% of his body, with the ones in his "swimsuit area" being particularly severe and causing him serious pain when using the restroom.  Steven Nemec Decl. ¶ 6 (Dkt. No. 63 at 13).  He also reports severe joint pain in his hips, elbows, and shoulders.  Secondly, Mr. Nemec notes an asthma diagnosis, but this does not appear to affect him currently.  A medical examiner notes this as "childhood asthma" that he has "outgrown."  Dkt. No. 63 at 22 ("Medical Examination Report Form").  Lastly, Mr. Nemec notes some recent high blood pressure readings, for which he is being monitored for, but not medicated.  Gilbert Decl., Ex. F, at 2, 27.  Mr. Nemec requests the Court reduce his sentence to time-served and release him to live with his mother in Santa Clara, with a condition of home confinement until his calculated supervised release date of November 12, 2020.

The government argues Mr. Nemec's motion should be denied on one basis only; namely, that he has not shown "extraordinary and compelling reasons' warranting his release.  For the most part, the government does not challenge whether Mr. Nemec has underlying medical conditions; rather, it argues the conditions he has do not increase his risk of serious illness were he to contract COVID-19.  *See* Centers for Disease Control, *People with Certain Medical Conditions, available at*   https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/groups-at-higher-risk.html (last modified July 17, 2020).  The government notes the CDC has not identified psoriasis or psoriatic arthritis as underlying conditions that increase the risk of severe illness from COVID-19.  And while the government admits the CDC recognizes immunosuppressing medicines might increase risk of severe illness from COVID, it argues Mr. Nemec's reduced use of such medicines renders an argument based thereon moot.  *Id.*  The government also notes that while the CDC has identified high blood pressure as an underlying condition that might increase risk of severe illness from COVID-19, the defendant's elevated blood pressure readings appear to be a recent onset, and

United States District Court
Northern District of California

_____

[4] Mr. Nemec states that "at the end of March 2020…[his] ability to receive his prescribed [Humira] injections was suspended" and that he "has not received an injection since March 2020." Dkt. No. 63 at 4;  Dkt. No. 70 at 2.  The government asserts that BOP medical records indicate Mr. Nemec continued to receive his injections at a reduced frequency. (Gilbert Decl., Ex. F, 10, 32-36). Mr. Nemec's Medication Administration Record shows no treatments in April, May, or July, but possibly one injection on June 16.  (Gilbert Decl., Ex. F, 10, 32-36).

this condition appears mild and well managed. *Id.* The government also notes there is no evidence that the defendant currently has asthma, and the CDC has only identified moderate to severe asthma as a condition that might increase risk of severe illness from COVID-19. *Id.* Lastly, the government argues 18 U.S.C. § 3553(a) factors do not support Defendant's request for release, since his sentence was on the low-end of the Sentencing Guidelines and he has only served 69% of his sentence as-imposed. Dkt. No. 65-7 at 2 (Gilbert Decl., Ex. G, at 3).

The government requests that if the Court is inclined to grant Defendant's motion for compassionate release, it should substitute a term of supervised release with a condition of home confinement for the duration of Defendant's sentence, to be followed by the term of supervised release conditions previously ordered by the Court.

Having carefully considered the parties' papers, the Court hereby GRANTS defendant's motion for compassionate release. Extraordinary and compelling reasons exist where (1) Mr. Nemec is not able to control his psoriatic arthritis and severe plaque psoriasis without the use of immunosuppressing drugs that would render him particularly vulnerable to COVID-19 and (2) without the drugs, 60% of Mr. Nemec's body is covered with blood pustules and open sores. The Court modifies defendant's sentence of imprisonment to time served, with a condition of home confinement at his mother's residence until his current projected supervised release date, followed by a three-year term of supervised release as previously ordered.

**IT IS SO ORDERED**.

Dated: August 6, 2020

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

4